Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000560
25-JUL-2014
08:36 AM

NOS. CAAP-11-0000560 and CAAP-11-0000843

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

INDYMAC VENTURE, LLC, Plaintiff-Appellee, v.
MORTEZA KHALEGHI; KAREN KHALEGHI, Defendants-Appellants,
and ONE PALAUEA BAY COMMUNITY ASSOCIATION, INC.; TRIPLE
CROWN BUILDERS, INC.; JOHN and MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0514(2))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Morteza Khaleghi and Karen
Khaleghi (**the Khaleghis**) appeal from two Circuit Court of the
Second Circuit (**Circuit Court**) decisions in favor of Plaintiff-
Appellee Indymac Venture, LLC (**Indymac**): (1) the June 30, 2011
Order Denying [the Khaleghis'] Motion for Relief from Judgment
(**June 2011 Order**), which denied the Khaleghis' Hawaii Rules of
Civil Procedure (**HRCP**) Rule 60(b) post-judgment motion to set
aside a February 16, 2011 judgment on a decree of foreclosure
(**February 2011 Judgment**); and (2) an October 18, 2011 Rule 54(b)-
certified judgment (**October 2011 Judgment**) confirming the sale of
the Khaleghis' foreclosed property.[1] The two appeals were
consolidated under No. CAAP-11-0000843.

---

[1] The Honorable Shackley F. Raffetto presided.

The Khaleghis raise two points of error, contending that the Circuit Court erred in: (1) entering a default judgment because Indymac failed to properly serve the Khaleghis; and (2) awarding Indymac a deficiency judgment because Indymac had no right to a personal judgment against the Khaleghis.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve the Khaleghis' points of error as follows:

(1) As the Khaleghis' motion for relief from judgment was premised on the Circuit Court's lack of personal jurisdiction, we review this issue *de novo*. Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 195, 268 P.3d 443, 448 (App. 2011).

The Khaleghis argue that Indymac's alleged failure to properly serve them with process (a summons and complaint) in the foreclosure action rendered the Circuit Court's default judgment against them void for lack of personal jurisdiction. The Khaleghis fall within the ambit of Hawai'i's long-arm statute, Hawaii Revised Statutes (**HRS**) § 634-35 (1993), which provides, in relevant part, the following:

> § 634-35 Acts submitting to jurisdiction. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, the person's personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts:
> . . . .
> (3)   The ownership, use, or possession of any real estate situated in this State;
> . . . .
> (d) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.

(Emphasis added.)

Hawai'i's long-arm statute is subject to the requirements of due process. Norris v. Six Flags Theme Parks, Inc., 102 Hawai'i 203, 207, 74 P.3d 26, 30 (2003) (stating that "[p]ersonal jurisdiction exists when (1) the defendant's activity falls under the State's long-arm statute, and (2) the application

2

of the statute complies with constitutional due process" (citation omitted)). Due process requires that courts assert personal jurisdiction over a defendant before entering judgment. See Rearden Family Trust v. Wisenbaker, 101 Hawai'i 237, 247, 65 P.3d 1029, 1039 (2003). "In order for a trial court to exercise personal jurisdiction over a defendant, the defendant must be served with a copy of the summons and the complaint pursuant to HRCP Rule 4(d)." Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App. 2000). HRCP Rule 4(d)(1)(A) requires "delivering a copy of the summons and of the complaint to the individual personally or **in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein**." (Emphasis added.)

Here, it is undisputed that Indymac did not serve the Khaleghis personally, notwithstanding various attempts to do so. Indymac was also apparently unsuccessful with its attempts to perfect service via certified mail, as there were certain deficiencies in the return receipts (signed, but no printed names). Instead, Indymac's service on the Khaleghis was executed through substitute service on their 20-year-old daughter, Farrah Khaleghi (**Farrah**), at their California residence. There is no dispute that Indymac's California process server, Jerry Jens (**Mr. Jens**) delivered the summons and complaint to the Khaleghis' "dwelling house or usual place of abode"; namely, their California residence located at 1343 Amalfi Drive, Pacific Palisades, California. There is also no dispute as to Farrah's capacity to receive the documents (i.e., whether she was of "suitable age and discretion") because she was a twenty-year-old adult with no known mental, or other disqualifying, incapacities. Rather, the Khaleghis argue that service was not effective because Farrah was not "then residing" in the Khaleghis' California residence when she was served. The Khaleghis admit that they had actual notice of the suit in November 2010 (Indymac asserts they had actual notice in May 2010, when they received copies of the complaint and summons by certified mail), months

3

prior to the entry of the February 2011 Judgment, but declined to file a motion to set aside the entry of default.

It is well-settled that Rule 4 should be construed liberally and flexibly, particularly where, as in this case, a defendant has received actual notice of an action. See, e.g., Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) (citing, inter alia, Nowell v. Nowell, 384 F.2d 951, 953 (5th Cir. 1967); Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963); Rovinski v. Rowe, 131 F.2d 687, 689 (6th Cir. 1942)). Although there are cases to the contrary, many courts have held that service on a person at the defendant's residence who is linked by a substantial nexus to the defendant, such as a close relative, constitutes effective service of process. See, e.g. Wichert v. Cardwell, 812 P.2d 858 (Wash. 1991) (defendant's adult daughter, who was watching her parents' home and staying overnight, was capable of receiving substitute service on behalf of her parents notwithstanding that "[t]he daughter lived in her own apartment, was self-supporting and had no personal possessions at the residence"); M. Lowenstein & Sons, Inc. v. Austin, 430 F. Supp. 844, 845 (S.D.N.Y. 1977) (explaining that service on defendant's adult daughter at defendant's residence satisfied residency requirement for substitute service, even though daughter was just visiting home from college); O'Sell v. Peterson, 595 N.W.2d 870, 873 (Minn. Ct. App. 1999) (holding that there was effective substitute service where summons and complaint were left with defendant's 14-year-old stepson who was staying at defendant's home for six-day, non-custodial visitation); Glover v. Farmer, 490 S.E.2d 576, 576-78 (N.C. Ct. App. 1997) (holding that defendant's adult daughter, who was visiting parents' home for a week, was residing in defendants' home for purposes of substitute service); Nowell, 384 F.2d 951 (5th Cir. 1967) (finding adequate substitute service based upon a substantial nexus between defendant and his landlord who resided in a separate apartment building from defendant, though court found an absence of nexus between tenants in the same building); Plushner v. Mills, 429 A.2d 444, 445-46 (R.I. 1981) (concluding that substitute service

4

on defendant's daughter, who was watching defendant's home but not staying overnight, was valid because she was a trusted member of the household and had a substantial nexus with defendant).

We conclude that the service of Farrah at the Khaleghis' residence constituted effective substitute service pursuant to HRCP Rule 4(d)(1)(A) under the circumstances in this case. Farrah is their daughter, a strong and direct familial relationship and one that typically engenders trust and shared responsibility for the family's well-being. The record is silent regarding the duration of her stay at the residence, but her declaration confirms that she was "visiting" the Khaleghis' home and not just there by chance. Service on Farrah at the Khaleghis' residence was reasonably calculated to reach the Khaleghis, and it was reasonable to expect that Farrah would alert her parents to the documents, as she was their 20-year-old daughter. See Wichert, 812 P.2d at 860 (explaining that "[s]ervice upon a defendant's adult child . . . [may be considered] reasonably calculated to accomplish notice to the defendant" and that "[w]hen defendant is absent, the person in possession of the house of usual abode is likely to present the papers to the defendant, particularly when that person is a family member"). Accordingly, the Circuit Court did not err when it exercised personal jurisdiction over the Khaleghis.

(2) The Khaleghis also contend that the Circuit Court erred when it awarded a deficiency judgment against them because "Indymac was only entitled to an in rem, or res, judgment against the Khaleghis." This argument is without merit. HRS § 634-23(4) allows adjudication to reach beyond "the property, status or res which is the subject of the action" if, inter alia, "the service is authorized by section 634-25 or other provision of law, in which case the defendant shall be liable to any judgment authorized by such law." Here, service was authorized by Hawai'i's long-arm statute provisions, specifically HRS § 634-36. Substitute service is included within the "personal" service contemplated in HRS § 634-36. See HRCP Rule 4. Therefore, the

5

Circuit Court did not err in entering a deficiency judgment against the Khaleghis and in favor of Indymac.

For these reasons, the Circuit Court's June 2011 Order and October 2011 Judgment are affirmed.

DATED: Honolulu, Hawai'i, July 25, 2014.

On the briefs:

Robert H. Thomas
Mark M. Murakami
(Damon Key Leong Kupchak
 Hastert)
for Defendants-Appellants

Craig K. Shikuma
Jesse W. Schiel
(Kobayashi Sugita & Goda)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge